# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TRUNG MA and BETHEL MA, husband and wife and the marital community composed thereof,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>    Defendant. | CASE NO. C17-1276 RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment. Dkt. #17. Plaintiffs held an underinsured motorist (UIM) policy with Defendant and seek coverage for damages sustained in an accident in excess of the at-fault driver's policy limits and assert additional extra-contractual claims related to Defendant's conduct. Plaintiffs seek to establish that Defendant stands in the shoes of the at-fault driver, that duty, breach, and proximate cause are therefore established as a matter of law, that Plaintiff[1] was not contributorily at fault, and that Plaintiff did not fail to mitigate any damages. Dkt. #17 at 3. Neither party has requested

---

[1] Only Plaintiff Trung Ma was involved in the accident at issue. The Court will therefore use "Plaintiff" to refer to Mr. Ma and "Plaintiffs" to refer to both Mr. and Mrs. Ma.

ORDER – 1

oral argument and the Court finds oral argument unnecessary to its resolution of the motion. For the following reasons, the Court grants Plaintiffs' Motion for Partial Summary Judgment.

## II. BACKGROUND

On or about April 16, 2016, Scott Wemp's vehicle suddenly left its lane of travel, crossed over the centerline into oncoming traffic, and collided with a vehicle driven by Plaintiff. Dkt. #1-1 at ¶¶ 3.3, 3.4. Mr. Wemp was responsible for the accident.[2] *Id.* at ¶ 3.6; Dkt. #22 at 2. Plaintiff suffered damages as a result of the accident. Dkt. #1-1 at ¶¶ 3.8, 3.9. After settling with the at-fault driver for his policy limits, Plaintiffs initiated this action seeking benefits under their UIM policy with Defendant. *Id.* at ¶¶ 3.9–3.13.

Plaintiff continues to experience lingering physical symptoms "in [his] brain" or "more in [his] head." Dkt. #23, Ex. A at 28:20–23. Plaintiff attended eight psychiatric appointments following the accident and then stopped seeing the psychiatrist. *Id.* at 37:2–38:6. Plaintiff has not pursued further treatment related to symptoms in his head or brain. *Id.* at 30:20–31:3, 38:7–18. Plaintiff stopped attending psychiatric appointments despite the psychiatrist recommending continued treatment. Dkt. #23, Ex. B.

## III. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at

---

[2] Defendant has moved to strike a police report detailing an investigation of the accident after it occurred on the basis that it contains inadmissible hearsay. Dkt. #22 at 3–4. While the Court is inclined to agree with Defendant, the Court's decision does not rely upon the police report or any statements therein and the Court therefore finds it unnecessary to rule on the motion to strike.

ORDER – 2

248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

The non-moving party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 251. Neither will uncorroborated allegations and self-serving testimony create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987). Rather, the non-moving party must make a "sufficient showing on [each] essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Defendant Does Not Contest Liability or Contributory Negligence for the Accident

As an initial matter, Defendant concedes that the at-fault driver was negligent and solely at fault for the accident. Dkt. #22 at 1–2, 4; Dkt. #6 at ¶ 3.8. Defendant only contests, with regard to the accident, the "nature and extent of [Plaintiff's] injuries." Dkt. #22 at 2. To the extent any ruling is necessary, the Court grants Plaintiff's Motion with regard to these issues.

### C. Defendant Cannot Prove that Plaintiff Failed to Mitigate His Damages

Plaintiffs seek dismissal of Defendant's defense of failure to mitigate damages on the basis that Defendant does not have sufficient evidence to support the defense. Dkt. #17. Washington law provides generally that "[a] person who is liable for an injury to another is not

ORDER – 3

liable for any damages arising after the original [injury] that are proximately caused by failure of the injured person to exercise ordinary care to avoid or minimize such new or increased damage." 6A Wash. Prac., Wash. Pattern Jury Instr. Civil WPI 33.01 (6th ed.) (gathering cases in support). The party asserting that plaintiff failed to mitigate damages has the burden to show that alternative treatment options were available and that the plaintiff acted unreasonably in choosing between the possible courses of treatment, thereby proximately causing a portion of the damages. *Fox v. Evans*, 127 Wash. App. 300, 304–05, 111 P.3d 267, 269 (2005).

Defendant, relying primarily on *Fox*, argues that it has presented sufficient evidence to create a genuine dispute as to whether Plaintiff failed to mitigate his damages. In *Fox*, the defendant satisfied his burden because "all of [the plaintiff's] treatment providers testified that [the plaintiff] suffered from depression and refused to accept the diagnosis" and pursue treatment. *Id.* at 270. Additionally, there was testimony that the plaintiff's "refusal to treat her depression impeded her recovery." *Id.* The court specifically explained that "[t]o support a mitigation instruction, expert testimony must establish that the alternative treatment would more likely than not improve or cure the plaintiff's condition." *Id.* at 271. Further, the *Fox* court specifically contrasted its case with *Cox v. The Keg Restaurants U.S., Inc.* where the trial court erred in giving a failure to mitigate instruction because the record did not include affirmative testimony that the failure to pursue certain treatments prolonged recovery. *Fox v. Evans*, 127 Wash. App. 300, 306, 111 P.3d 267, 270 (2005) (citing *Cox v. The Keg Restaurants U.S., Inc.*, 86 Wash. App. 239, 935 P.2d 1377 (1997)).

Here, Defendant points only to the fact that Plaintiff was advised to pursue psychiatric therapy following the accident and stopped attending those sessions at a time when his psychiatrist recommended he continue treatment. Dkt. #22 at 6. From this, Defendant argues

ORDER – 4

that there is a dispute as to whether following the "treatment recommendations [] *may have hastened his recovery or at the very least reduced the number* of medical treatments required." *Id.* But Defendant relies on speculation to satisfy its burden of presenting evidence that a different course of treatment would have led to a different outcome and that Plaintiff was not reasonable in failing to pursue that course of treatment.

This case is far more like *Cox* than *Fox*. While Defendant may demonstrate a genuine dispute as to whether alternative courses of treatment were available, it merely speculates as to whether that treatment would have altered Plaintiff's recovery. *See also*, *Hawkins v. Marshall*, 92 Wash. App 38, 47–48, 962 P.2d 834, 839 (1998) (no question of fact as to mitigation of damages where no testimony or other evidence that the failure to pursue treatment "aggravated [] conditions or delayed recovery"). Defendant does not demonstrate a genuine dispute as to whether Plaintiff failed to mitigate his damages and summary judgment is appropriate.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Plaintiff's Motion for Partial Summary Judgment (Dkt. #17) is GRANTED.

2) Defendant has admitted to or conceded Mr. Wemp's duty, breach, and proximate cause as to injuries sustained by Plaintiff Trung Ma as a result of the collision. The nature and extent of those injuries remain disputed.

3) As related to the injuries sustained by Plaintiff Trung Ma as a result of the collision, Defendant's "Third Affirmative Defense: Plaintiff's injuries and damages, if any, are not actionable to the extent that they have failed to mitigate their damages and/or failed to use reasonable care to avoid foreseeable harm," is DISMISSED.

ORDER – 5

4) Defendant's other affirmative defenses remain pending.

DATED this 26th day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6