UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUNG MA and BETHEL MA, husband and wife and the marital community composed thereof,<br><br>           Plaintiffs,<br><br>     v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>          Defendant. | CASE NO. C17-1276 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment.  Dkt. #15.  Plaintiffs held an underinsured motorist (UIM) policy with Defendant and seek coverage for damages sustained in an accident in excess of the at-fault driver's policy limits. In addition, Plaintiffs allege that Defendant's debt collector interfered with Plaintiffs' settlement with the at-fault driver and that Defendant contacted Plaintiffs to settle property damage claims after knowing they were represented by counsel.  To the extent Plaintiffs' claims are premised on these two events, Defendant seeks dismissal of the claims for bad faith, violations of Washington's Consumer Protection Act (Chapter 19.86, Wash. Rev. Code) ("CPA"), and violations of Washington's Insurance Fair Conduct Act (Wash. Rev. Code § 48.30.015)

("IFCA"). Neither party has requested oral argument and the Court finds oral argument unnecessary to its resolution of the motion. For the following reasons, the Court grants Defendant's Motion for Partial Summary Judgment.

## II.    BACKGROUND

On or about April 16, 2016, Scott Wemp's vehicle suddenly left its lane of travel, crossed over the centerline into oncoming traffic, and collided with a vehicle driven by Plaintiff Trung Ma.[1] Dkt. #1-1 at ¶¶ 3.3, 3.4. Mr. Wemp was responsible for the accident. *Id.* at ¶ 3.6; Dkt. #6 at ¶ 3.8. Plaintiff suffered damages as a result of the accident. Dkt. #1-1 at ¶¶ 3.8, 3.9.

Mr. Wemp was insured with State Farm. Dkt. #20 at ¶ 3 and Ex. 2. Plaintiff was insured by Defendant and had UIM coverage. Dkt. #1-1 at ¶ 3.1. On May 17, 2016, Defendant was informed that Plaintiffs were represented by Shepherd and Allen, Attorneys at Law ("Plaintiffs' Counsel"), for "a claim for personal injury damages and for any issues concerning underinsured motorist (UIM) and personal injury protection (PIP) coverage." Dkt. #20 at ¶ 17 and Ex. 13.

At the end of May, 2016, Plaintiffs' Counsel informed Defendant that Mr. Wemp's insurance coverage was not adequate to compensate Plaintiffs for their damages and that Plaintiffs planned to settle their claims against Mr. Wemp for the limits of Mr. Wemp's insurance policy. *Id.* at ¶ 2 and Ex. 1. On June 22, 2016, Defendant informed Plaintiffs' Counsel that Plaintiffs could settle with Mr. Wemp and State Farm for Mr. Wemp's policy limits. *Id.* at ¶ 3 and Ex. 2. Defendant also waived the right to pursue PIP subrogation. *Id.* Settlement discussions between Plaintiffs' Counsel, State Farm, and Mr. Wemp followed.

Meanwhile, in September 2016, Defendant contacted Plaintiff directly, despite him being represented by counsel, and settled his claims for property damage. *Id.* at ¶¶ 13–16 and Exs. 11–

---

[1] The Court will use "Plaintiff" to refer to Mr. Ma and "Plaintiffs" to refer to both Mr. and Mrs. Ma.

12. Plaintiff executed a release of property damage claims in favor of State Farm and Mr. Wemp.[2]  *Id.* at ¶ 16 and Ex. 12.  Plaintiffs' Counsel did not learn of the settlement of property damage until February 14, 2017.  *Id.* at ¶ 14.

By January 20, 2017, Plaintiffs' Counsel had reached agreement on, but not finalized, a policy limits settlement with State Farm and Mr. Wemp and informed Defendant.  *Id.* at ¶ 5, Ex. 4.  The settlement was confirmed on February 3, 2017, and State Farm indicated that a settlement check would be issued upon receiving Plaintiff's executed release.[3]  *Id.* at ¶¶ 6–7 and Ex. 5.

Despite having already released Mr. Wemp from any claims for property damage and waiving its rights to pursue subrogation of PIP payments, Defendant had a debt collector contact Mr. Wemp on February 6, 2017, in an effort to collect on an "unliquidated tort claim."  *Id.* at ¶ 8 and Ex. 5.  State Farm informed Plaintiffs' Counsel that the collection "impacts our settlement" on February 10, 2017.  *Id.* at ¶ 8, Ex. 6.  On February 14, 2017, and after a flurry of activity between Plaintiffs' Counsel, State Farm, the debt collector, and Defendant, Defendant informed Plaintiffs' Counsel that the debt collector had been "advised [] not to pursue our PIP subrogation" as it was "previously waived."  *Id.* at ¶ 12 and Ex. 10.  On February 16, 2017, Plaintiffs' Counsel was finally informed by Defendant that "[t]he entire subrogation claim against Mr. Wemp is closed."  *Id.* at ¶ 20 and Ex. 15.  This allowed Plaintiffs' Counsel to negotiate the settlement payment.  *Id.* at ¶ 21.

---

[2] The vehicle that was damaged was actually owned by Plaintiff's mother.  Dkt. #16, Ex. A.

[3] Despite indicating that payment would be forthcoming, the settlement check appears to have been attached to the February 3, 2017 letter.  Dkt. #20 at Ex. 5.  Further supporting this, State Farm wrote to Plaintiffs' Counsel in March and indicated that on February 3, 2017, "[t]he settlement payment was tendered to you and was not to be negotiated until the settlement documents were executed and returned."  Dkt. #16 at Ex. M.  Regardless, the Court resolves the discrepancy in favor of Plaintiffs, as the nonmoving party.

# III.    DISCUSSION

## A.  Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Material facts are those which might affect the outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

The non-moving party must present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 251.  Neither will uncorroborated allegations and self-serving testimony create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).  Rather, the non-moving party must make a "sufficient showing on [each] essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## B.  Defendant's Motion

Defendant argues, for a variety of reasons, that Plaintiffs' claims for bad faith, violation of the CPA, and violation of IFCA, as premised on "alleged interference with a settlement, or

relating to a claim for property damage," should be dismissed. Dkt. #15. Regardless of the merits or Defendant's other arguments,[4] Plaintiffs have not provided sufficient evidence of damages and their claims fail on that basis.

### 1. Plaintiffs' Claims Require Evidence of Damages

Washington recognizes "a[n] action for bad faith handling of an insurance claim." *Safeco Ins. Co. of Am. v. Butler*, 118 Wash.2d 383, 389, 823 P.2d 499, 503 (1992) (citations omitted). Sounding in tort, the claim is "analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty." *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 485, 78 P.3d 1274, 1277 (2003) (citation omitted).

Washington's CPA provides certain forms of relief if plaintiffs establish "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panang v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37, 204 P.3d 885, 889 (2009) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784, 719 P.2d 531 (1986)). A violation of an insurance regulation can establish an unfair or deceptive act or practice occurring in trade or commerce— satisfying the first two elements—, but a plaintiff still must establish the three remaining elements. *See St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 165 Wash.2d 122, 133–34, 196 P.3d 664, 669 (2008).

Washington's IFCA provides that:

Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

---

[4] Defendant makes several additional arguments as to why Plaintiffs' claims fail. Because the Court finds that the claims fail for lack of damages, the Court need not reach Defendant's other arguments.

Wash. Rev. Code § 48.30.015(1). Under IFCA, a plaintiff may recover the actual damages "proximately caused by [the] IFCA violation." *Schreib v. Am. Family Mut. Ins. Co.*, 129 F. Supp. 3d 1129, 1137 (W.D. Wash. 2015) (quoting *Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1312 (W.D. Wash. 2013)).

### 2. Plaintiffs Were Not Harmed by Defendant's Actions

Plaintiffs do not present evidence that Defendant's actions caused them any harm with regard to the alleged interference with their settlement with Mr. Wemp and State Farm. Plaintiffs do not submit their own testimony as to how they were damaged. Plaintiffs also do not submit testimony from Mr. Wemp or anyone associated with State Farm to indicate that the unfounded collection action actually hindered the settlement with Plaintiff. Rather, Plaintiffs' Counsel testifies that "Plaintiffs were deprived of funds they were entitled to for nearly three weeks." Dkt. #20 at ¶ 24.

There are circumstances in which a delayed payment may harm the insured. *See Anderson v. State Farm Mut. Ins. Co.*, 101 Wash. App. 323, 333, 2 P.3d 1029, 1035 (2000) (reversing summary judgment where insured alleged loss of interest, financial penalties due to delayed payments, and emotional damages); *Evergreen Intern, Inc. v. Am. Cas. Co. of Reading Pa.*, 52 Wash. App. 548, 557, 761 P.2d 964 (1988) (cited by Plaintiffs and finding damage by delay where late payments prevented claimant from rebuilding a dealership and caused the claimant to lose the business). But the mere fact that a payment was delayed does not establish that Plaintiffs were harmed by that delay. On the record before the Court, a jury would be forced to speculate as to whether the delay caused Plaintiffs any actual damage.

Plaintiffs' Counsel also testifies that "Plaintiffs incurred more than $1,200.00 in attorney fees sorting out the mess created by [Defendant] so that they could finalize settlement with the

tortfeasor." Dkt. #20 at ¶ 23. But in Washington, "attorney fees are not available as costs or damages absent a contract, statute, or recognized ground in equity." *Maytown Sand and Gravel, LLC v. Thurston Cnty.*, 423 P.3d 223, 247 (2018) (quoting *City of Seattle v. McCready*, 131 Wash.2d 266, 275, 931 P.2d 156 (1997)). Plaintiffs rely upon the CPA's and IFCA's statutory award of "actual damages . . . together with . . . reasonable attorneys' fees." Wash. Rev. Code § 19.86.090, § 48.30.015.[5] But this Court has previously held, under these same statutory provisions, that actual damages and attorneys' fees are "separate and distinct." *Schreib*, 129 F. Supp. 3d at 1141. Because Plaintiffs cannot prove damages, their claims related to Defendant's alleged interference with the settlement fails as a matter of law.

With regard to Defendant's contact with Plaintiff after learning that Plaintiffs' Counsel represented him, Plaintiffs do not allege any harm or damage.[6] Plaintiffs do not allege that the settlement was inadequate in any regard. Accordingly, Plaintiffs' claims related to Defendant directly contacting Plaintiff after learning he was represented must fail.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant's Motion for Partial Summary Judgment (Dkt. #15) is GRANTED.

2) Plaintiffs' claims for bad faith, violations of Washington's Consumer Protection Act, and violations of Washington's Insurance Fair Conduct Act related, to the extent they

---

[5] Plaintiff also points to *Olympic S.S. Co., v. Centennial Ins. Co.*, 117 Wash.2d 37, 811 P.2d 673 (1991) (providing for fees where "the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract"). But attorneys' fees are not an inherent benefit of the insurance contract and the alleged violations here did not interfere with Plaintiffs obtaining benefits under their insurance contract with Defendant.

[6] Defendant also disputes whether Plaintiffs' Counsel represented Plaintiffs on the property damage claims. *See* Dkt. #24 at 3–4; Dkt. #20 at ¶ 17 and Ex. 3.

are premised on Defendant interfering with Plaintiffs' policy limit settlement with Mr. Wemp and State Farm or premised on Defendant's direct contact with Plaintiff regarding property damage, are DISMISSED.

3) Plaintiffs' claims related to the extent of their damages from the collision, whether they are entitled to benefits under their UIM policy with Defendant, and whether Defendant's conduct with regard to their claim for benefits under their UIM policy violated the insurance contract, constituted a tort or a violation of Defendant's duty of good faith, violated Washington's Consumer Protection Act, or violated Washington's Insurance Fair Conduct Act remain pending.

DATED this 26th day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE