UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRUNG MA and BETHEL MA, husband and wife and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C17-1276RSM<br><br>ORDER ON MOTIONS FOR BIFURCATION |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Limited Bifurcation (Dkt. #30) and Plaintiffs' Motion Bifurcating Trial and Staying Discovery, or Alternative Relief to Grant Leave for Limited Discovery (Dkt. #31). Plaintiffs brought this action seeking benefits under their uninsured motorist (UIM) policy with Defendant after they were injured by an automobile collision with an at-fault driver. Plaintiffs settled with the at-fault driver for available policy limits, but allege they were not made whole by that settlement. Plaintiffs also pursue several extra-contractual claims related to Defendant's handling of their claim. The parties agree that this action should be bifurcated so that the UIM policy portion is tried independently of the extra-contractual claims, but disagree as to the logistics. Plaintiffs have requested oral argument,

ORDER – 1

but the Court finds oral argument unnecessary to its resolution of the pending Motions. For the following reasons, the Court grants Defendant's Motion and denies Plaintiffs' Motion.

## II. BACKGROUND

Plaintiffs were damaged from a collision with an at-fault driver and settled their claims against the driver for the policy limits of available insurance policies. Plaintiffs contend that they were not fully compensated for their damages and ultimately brought this action seeking benefits under their UIM policy with Defendant and for damages related to Defendant's handling of the claim. Dkt. #1-1. The action was removed to this Court on August 23, 2017. Dkt. #1. On August 29, 2017, Defendant answered and prayed "[f]or bifurcation of plaintiffs' claim for UIM benefits from their extra-contractual claims." Dkt. #6 at 6. After conferring, the parties filed a Joint Status Report with the Court on October 6, 2017, and indicated that "Defendant may bring a motion to bifurcate plaintiffs' [claims] . . . and stay discovery on the extra-contractual claims until completion of the trial on the claim for UIM benefits."[1] Dkt. #9 at ¶ 4.b.

On October 11, 2017, the Court issued an Order Setting Trial Dates and Related Dates and required discovery to be completed by June 11, 2018. Dkt. #10. Defendant did not disclose any expert witnesses related to Plaintiffs' extra-contractual claims. Dkt. #32 at 4 and Ex. 1. Plaintiffs have "served no written discovery requests [and] . . . have taken no depositions." Dkt. # 36 at ¶ 2; Dkt. #31 at 8 (indicating that "Plaintiffs did not believe discovery into the claim file and Defendant's employees/agents was relevant to any claim or defense until after" trial on UIM claims).

On September 11, 2018, approximately a month before the trial date, Defendant filed its Motion seeking to bifurcate trial of the issues into two phases with a jury hearing and deciding

---

[1] The parties also indicated: "Bifurcation. Defendant may move to bifurcate the claim for UIM benefits from the extra-contractual claims." Dkt. #9 at ¶ 8.

ORDER – 2

the UIM claim and subsequently hearing and deciding Plaintiffs' extra-contractual claims. Dkt. #30. On September 13, 2018, Plaintiffs filed their Motion seeking to bifurcate trial of the issues into two distinct jury trials with allowance for additional discovery prior to the trial on the extra-contractual claims. Dkt. #31 at 5–7. In the alternative, Plaintiffs sought leave to conduct limited discovery of Defendant's claim file and to take depositions of Defendant's relevant employees/agents. *Id.* at 8.

### III.  DISCUSSION

#### A. Bifurcation

Federal Rule of Civil Procedure 42(b) allows for bifurcation, providing:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. . . .

Fed. R. Civ. P. 42(b).

Under Rule 42, a court's decision whether to bifurcate is committed to its discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). Nonetheless, separate trials are the exception, not the rule, and this Court will not bifurcate without a good reason. For example, bifurcation may be warranted when a first trial on relatively straightforward issues might eliminate the need for a trial on more complex issues. *See Karpenski v. Am. Gen. Life Cos.*, 916 F. Supp.2d 1188, 1190 (W.D. Wash. 2012) (where rescission claim would dispose of the entire case, determining whether a contract exists in the first place should be determined first). Similarly, where a case presents one set of issues that can be conveniently tried to a jury and another set that can be conveniently tried to the court, bifurcation may be appropriate. *See Tavakoli v. Allstate Prop. & Cas. Ins. Co.*, 2012 WL 1903666, at *7 (W.D. Wash. May 25, 2012). A court can also bifurcate where the evidence necessary to prove one claim poses a significant

ORDER – 3

threat of confusing or prejudicing the jury as it considers other claims. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

Defendant seeks limited bifurcation of the trial into two phases with the same jury first deciding the UIM claim and then deciding the extra-contractual claims. Dkt. #30 at 1–2. Defendant argues that such a bifurcation is necessary to avoid prejudice. *Id.* at 4–6. Defendant first argues that it will "stand in the shoes" of the underinsured driver and that the driver would never be forced to defend against extra-contractual claims in the trial on damages. *Id.* at 4. Similarly, Defendant argues it will be prejudiced because a jury will likely focus on the evidence of bad faith and Defendant's handling of the claim as opposed to the merits of Plaintiffs' damages claims. *Id.* at 4–5 (citing state court cases finding prejudice in such a situation). Lastly, Defendant also argues that the existent of insurance is generally not relevant in personal injury actions and that it would necessarily be prejudiced if the jury knew insurance was involved or "available." *Id.* at 5–6.

Plaintiffs seek complete bifurcation with the case proceeding to trial only on the UIM claim. After a jury verdict on that claim, Plaintiffs seek to conduct discovery and have a second trial on Plaintiffs' extra-contractual claims. Dkt. #31 at 2. Plaintiffs argues that the "UIM and extra-contractual claims are distinct and separable" but that the "extra-contractual claims will depend on the . . . UIM trial." *Id.* at 7. Plaintiffs also argue, without support, that bifurcation would "decrease the complexity of the case, avoid prejudice, expedite the trial, and promote judicial economy." *Id.* at 7.

The parties agree that bifurcation of the issues is appropriate and the Court agrees. However, the Court does not believe that bifurcation into two separate trials is appropriate. Plaintiffs do not attempt to establish that resolution of the UIM claim will be dispositive of the

ORDER – 4

subsequent phase. *See Karpenski*, 916 F. Supp.2d at 1190. Plaintiffs also do not seek a bench trial for either phase. *See Tavakoli*, 2012 WL 1903666 at *7. Nor do Plaintiffs present any argument for bifurcation that is not addressed by bifurcating the issues and trying them in front of the same jury.[2] Further, bifurcation into two phases tried to the same jury appears consistent with the practice of this Court in the absence of case specific considerations. *See Estate of Hoxsey v. Allstate Prop. and Cas. Ins. Co.*, C15-2013RSM Dkt. #16 at 5–6 (W.D. Wash. May 31, 2016) (noting inefficiency of two discovery periods and two trials and noting that a single trial could be divided into consecutive phases); *Hews v. State Farm Mut. Auto. Ins. Co.*, C15-834RAJ Dkt. #42 at 2 (W.D. Wash. May 20, 2016) ("The court has explained in prior orders why it will not impose complete bifurcation (*i.e.*, two separate trials with two separate discovery periods), but will allow a modified form of bifurcation (*i.e.*, a single two-phase trial before the same jury).").

### B. Discovery

Plaintiffs request that if the Court bifurcates the trial into two phases before the same jury that the Court grant "leave to conduct limited discovery of the claim file and depose Defendant's relevant employees and/or agents." Dkt. #31 at 8. The discovery deadline set by the Court expired more than three months before Plaintiffs filed their Motion seeking limited discovery. Plaintiffs cite to Federal Rule of Civil Procedure 16 but fail to adequately address their burden under that Rule. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[2] The Court is not persuaded by Plaintiffs' response to Defendant's Motion. Dkt. #38. Plaintiffs cite primarily irrelevant state court decisions. *See id.* at 6–7. But this is certainly a procedural question governed by federal law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938) (federal courts apply federal procedure in diversity cases); *Cook v. United States Auto. Ass'n*, 169 F.R.D. 359, 361 n.1 (D. Nev. 1996) (bifurcation is a federal procedural issue even where substantive state law prohibited bifurcated trials).

ORDER – 5

Plaintiffs' main argument is that they were misled by Defendant's "repeated oral and written representations" that the matter would be bifurcated and discovery stayed. Even if Defendant made such representations, Plaintiffs were not reasonable in relying upon them. "Federal Rule of Civil Procedure 16 is to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Plaintiffs filed suit on UIM and extra-contractual claims. The Court set a deadline to complete discovery. Even if Defendant and Plaintiffs had presented a stipulated motion to bifurcate and stay discovery the Court would still have discretion to deny the stipulated motion. More importantly, absolutely nothing prevented Plaintiffs from seeking the relief desired at any time prior to the discovery deadline. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Three months after the close of discovery and three weeks prior to trial is not the time to seek discovery that Plaintiffs always knew was relevant to their claims.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant's Motion for Limited Bifurcation (Dkt. #30) is GRANTED.

2) Plaintiffs' Motion Bifurcating Trial and Staying Discovery, or Alternative Relief to Grant Leave for Limited Discovery (Dkt. #31) is DENIED.

DATED this 1 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6